UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRETT C. TITTLE,
      Plaintiff,

v.                                      Case No. 06-C-985

ROBERT HERBST,
HENRY HERPELSHEIMER, and
COMMERCIAL COLLECTIONS, INC.,
      Defendants,

## DECISION AND ORDER

Plaintiff Brett C. Tittle, who resides at the Milwaukee County Jail, lodged a pro se civil rights complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis.

### I. IFP REQUEST

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. Plaintiff has been

assessed and paid an initial partial filing fee of $.43. Thus, I will permit him to proceed in forma pauperis.

## II. SCREENING

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976),

2

construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

**A.     Background**

Plaintiff is currently detained at the Milwaukee County Jail. He is suing his former employer, Commercial Collections, Inc., as well as the president, Henry Herpelsheimer, and CEO, Robert Herbst, of his former employer. Plaintiff seeks compensatory and punitive damages because defendants allegedly failed to give him his last paycheck.

According to the complaint, on June 20, 2005, plaintiff began full-time employment with defendant Commercial Collections, Inc. His rate of pay was $11.00 per hour. On June 15, 2006, plaintiff was unable to go to work because he was arrested and faced confinement until his October 23, 2006, jury trial. Defendant Herpelsheimer visited plaintiff at the Milwaukee County Jail on June 18 and June 23, 2006, and told plaintiff that he mailed plaintiff's paycheck for 80 hours to plaintiff's roommate. However, the roommate did not receive the paycheck.

3

Plaintiff made several collect calls to Commercial Collections, Inc., to inform either defendant Herpelsheimer or Herbst that he did not get his paycheck, but his collect calls were not accepted. On July 15, 2006, plaintiff's girlfriend telephoned the defendants and they informed her that plaintiff did not have a paycheck coming. On July 20, 2006, plaintiff wrote to defendants Herpelsheimer and Herbst and "advised them of their attempts to become enriched unjustly and demanded that my unpaid wages be sent to me." (Compl. at unpaginated 5.)

On August 30, 2006, plaintiff received a letter from defendant Herpelsheimer stating: "We want to get you paid! Please complete a revised time sheet as indicated in our prior correspondence. Enclosed is a form and post paid envelope." (Compl., Ex. B.) On September 1, 2006, plaintiff wrote to the State of Wisconsin Department of Workforce Development (DWD) and asked that a complaint form be sent to him along with information regarding Wisconsin's wage payment and collection law. He subsequently submitted a claim form to the DWD. On September 8, 2006, plaintiff received a copy of a "Notice of Complaint" from the DWD to defendants, which informed defendants that plaintiff complained that they were indebted to him for 72 hours or $792.00 in unpaid wages. (Compl., Ex. C.) On September 14, 2006, plaintiff received a response from the DWD indicating that defendants needed plaintiff to fill out a revised time sheet and that the DWD could not help plaintiff unless he did that.

Plaintiff asserts that "these acts by his employer are intentional misconduct, and these are not mistakes or mere acts of negligence, and this conduct is intended to cause emotional distress which constitutes cruel and unusual punishment a violation of the U.S. Constitution and a continued violation of Wisconsin's State Statutes 893.44 and State

4

Statutes 109.09." (Compl. at unpaginated 8.) Plaintiff also states that defendants' actions violated the Thirteenth Amendment to the United States Constitution.

**B.      Analysis**

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Construing the complaint liberally, as I must at this stage, there is no indication that defendants are state actors. Plaintiff's former employer, defendant Commercial Collections, Inc., is a collections agency located in Milwaukee, Wisconsin, and defendants Herbst and Herpelsheimer are the CEO and president, respectively. Thus, the defendants will be dismissed.

Even if defendants were state actors, the complaint does not state a cognizable claim under the United States Constitution or federal law. Plaintiff asserts that defendants' actions amounted to cruel and unusual punishment and also violated the Thirteenth Amendment. The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. Wilson v. Seiter, 501 U.S. 294, 296-97 (1991). The cruel and unusual punishments clause does not apply to plaintiff's allegations, as they are based on acts of a private employer and are unrelated to plaintiff's detainment in the Milwaukee County Jail. Under the Thirteenth Amendment, which provides that "neither slavery or involuntary servitude, except as a punishment for crime whereof the party shall have been duly

5

convicted, shall exist within the United States, or any place subject to their jurisdiction," involuntary servitude, except as a punishment for crime, is abolished. Heflin v. Sanford, 142 F.2d 798, 800 (5th Cir. 1944). "It is not uncompensated service, but involuntary servitude which is prohibited by the Thirteenth Amendment." Id. at 799.

Plaintiff's allegations do not state a claim under the Constitution. I decline to exercise jurisdiction over plaintiff's state law claims. See 28 U.S.C. § 1367(c). I also note that plaintiff's December 4, 2006 letter to the court indicates that the DWD recovered plaintiff's unpaid wages, that defendant Commercial Collections, Inc., paid him $792.00, and that plaintiff has been paid in full.

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. See House v. Belford, 956 F.2d 711, 720 (7th Cir. 1992) (quoting Williams v. Faulkner, 837 F.2d 304, 308 (7th Cir. 1988), aff'd sub nom. Neitzke v. Williams, 490 U.S. 319 (1989)).

### III. ADDITIONAL MATTERS

On December 4, 2006, plaintiff filed a motion to amend in which he requests that the court update its records concerning this case. Plaintiff lists several apparent supplements to the complaint, which include, inter alia, his former job title, that he was arrested on an "un-work related charge," and the pay periods of defendant Commercial Collections, Inc. Plaintiff's proposed supplements to the complaint do not change any pertinent allegations. Permitting plaintiff's proposed amendment would be futile and therefore, plaintiff's motion will be denied. See Foman v. Davis, 371 U.S. 178, 182 (1962).

Plaintiff has also filed a motion to appoint counsel. This motion will be denied as moot.

6

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that the plaintiff's request to proceed in forma pauperis (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Complaint) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend/correct (Docket #8) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #13) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Milwaukee County Sheriff or his designee shall collect from the plaintiff's prison trust account the $349.57 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in

accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copies of this order be sent to the Milwaukee County Sheriff and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 11 day of April, 2007.

/s
LYNN ADELMAN
District Judge